UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARPENTERS' DISTRICT COUNCIL OF )
ST. LOUIS AND VICINITY, et al., )
)
    Plaintiffs, )
)
    v. ) No. 4:11-CV-1617 CAS
)
NIGEL'S FLOORING, LLC, )
)
    Defendant. )

## MEMORANDUM AND ORDER

    This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits. For the following reasons, the Court will grant the motion.

**Background**

    Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity (the "Union") and the Trustees of its various Trust and Training Funds filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f). The Complaint asserted that defendant Nigel's Flooring, LLC was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from its employees' paychecks as union dues, submit a monthly statement showing the regular and overtime hours worked by each employee, and make the required payments through a stamp purchase plan. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly reports. The Complaint sought to require defendant to submit its

books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on October 13, 2011, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On November 14, 2011, a Clerk's Entry of Default pursuant was issued pursuant to Rule 55(a), Fed. R. Civ. P. [Doc. 12], and the case was reassigned to the undersigned.

By Judgment dated November 23, 2011, the Court entered default judgment in favor of plaintiffs and against defendant Nigel's Flooring, LLC in the total amount of Seven Thousand Five Hundred Twenty-Five Dollars and Seventy-Eight Cents ($7,525.78).  [Doc. 17]

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Michael A. Evans assert that plaintiffs sent a notice of post-judgment deposition to Nigel's Flooring, LLC by first-class mail on December 2, 2011, pursuant to Federal Rules of Civil Procedure 69 and 37.  The notice required the attendance of a representative of defendant at the office of plaintiffs' counsel on January 3, 2012 at 12:00 p.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case.  The affidavit states that no representative of Nigel's Flooring, LLC appeared at the deposition or produced any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise."  Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs

to the extent it applies."  Id.  Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located."  Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment.  This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure.  It appears to the Court from the affidavit of plaintiffs' counsel that defendant Nigel's Flooring, LLC was properly noticed for deposition but failed to have its representative appear.  Plaintiffs' motion to compel discovery should therefore be granted, and a representative of Nigel's Flooring, LLC will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**.  [Doc. 21]

**IT IS FURTHER ORDERED** that a representative of Nigel's Flooring, LLC shall appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Monday**, **February 6, 2011**, at **12:00 p.m**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Nigel's Flooring, LLC, at 2811 Westchester Court, St. Charles, Missouri 63303.

                                                                                 _____
                                                                                 **CHARLES A. SHAW**
                                                                                 **UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of January, 2012.